An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JEFFREY CHARLES,
Appellant,
vs.
NEVADA STATE CONTRACTORS
BOARD,
Respondent.

No. 62101

**FILED**

MAY 0 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a petition for a writ of mandamus challenging a Contractors' Board decision. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

Appellant Jeffrey Charles filed an application with the Nevada State Contractors' Board, seeking payment of a judgment he won against a contractor. NRS Chapter 624 authorizes the Board to use a particular account, funded by contractors' fees, to pay for such judgments. The Board determined that Charles was not eligible for payment from the account because he was not an injured person who suffered actual damages as required by NRS 624.420 and NRS 624.510. The Board therefore declined to pay Charles's judgment.

Charles filed a petition for a writ of mandamus in district court and the court denied the petition. On appeal, Charles argues that the district court erred in finding that the Board did not abuse its discretion when the Board denied his application. He asserts that the Board abused its discretion because he submitted satisfactory proof of a judgment, meets the definition of an "injured person" under NRS 624.420, and suffered actual damages as required by NRS 624.510. He also argues

SUPREME COURT
OF
NEVADA

(O) 1947A

14-14030

that the Board did not have the authority to hold a hearing on the matter and that the Board's hearing was tainted by a conflict of interest involving the Board's outside counsel. He asks this court to reverse and to direct the lower court to issue a writ demanding that the Board pay his judgment.

"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (footnote omitted). This court will decline to issue a writ of mandamus where an adequate and speedy legal remedy exists. *Id.* We have also recently refused to grant mandamus relief where the government entity at issue has full discretion to decide whether to act. *N. Lake Tahoe Fire Prot. Dist. v. Washoe Cnty. Bd. of Comm'rs*, 129 Nev. ___, ___, 310 P.3d 583, 590 (2013).

In this case, NRS 624.510 grants the Board complete discretion to determine eligibility. The statute provides that an "injured person is eligible . . . *if* the Board or its designee finds that the injured person suffered actual damages." NRS 624.510(1) (emphasis added). NRS 624.510(4) goes on to state that "[t]he decision of the Board or its designee regarding eligibility for recovery and all related issues is final and not subject to judicial review." NRS 624.510 does not contain any mandatory language demanding that the Board "must" or "shall" compensate any applicants. *See* NRS 0.025(1)(c)-(d) (defining "must" and "shall," respectively). The only mandate that the Legislature imposed on the Board regarding the account is that the account "must" be used to compensate those who are eligible injured persons. NRS 624.470(4). Yet

this compensation requirement is contingent upon the Board's discretionary finding of eligibility. *See id.*

The Board was not required to pay Charles's judgment because NRS 624.510 gives the Board discretion to determine eligibility. Charles is not entitled to mandamus relief because the law does not dictate whether the Board must find certain applicants to be eligible.[1] We note that this decision does not leave Charles without any legal recourse: He is still free to enforce his judgment against the contractor through the usual legal processes.

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

---

[1]We have considered Charles's remaining arguments and conclude that they lack merit.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Linda Marie Bell, District Judge
James J. Jimmerson, Settlement Judge
David M. Korrey
Louis A. Ling
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A